UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EQUAN YUNUS, a/k/a Damon Vincent,
a/k/a Equan Yunas,

                    Plaintiff,

v.                                                  9:16-CV-1282
                                                        (GTS/ATB)

DOUGLAS JONES, Corr. Officer, Great Meadow
Corr. Fac.; KEVIN FOSTER, Corr. Officer, Great
Meadow Corr. Fac.; ROBERT McCAULEY, Corr.
Officer, Great Meadow Corr. Fac.; WINCHELL,
Lieut., Great Meadow Corr. Fac.; JOSHUA ALGER,
Corr. Officer, Great Meadow Corr. Fac.; TIMOTHY
SMITH, Corr. Officer, Great Meadow Corr. Fac.;
GARRIDO, Corr. Officer, Great Meadow Corr. Fac.;
ROBERT UNDERWOOD, Corr. Officer, Great
Meadow Corr. Fac.,

                    Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

EQUAN YUNUS
  Plaintiff, *Pro Se*
2068 Daly Avenue, Apt. 4-A
Bronx, New York 10460

HON. ERIC T. SCHNEIDERMAN           MARK G. MITCHELL, Esq.
Attorney General of the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Equan

Yunus ("Plaintiff") against the eight above-captioned employees of Great Meadow Correctional

Facility in Comstock, New York ("Defendants"), are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion to dismiss some of the claims in Plaintiff's Complaint for failure to state a claim and lack of subject-mater jurisdiction be granted in part and denied in part, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 22, 24.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion to dismiss is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following five findings of fact and/or conclusions of law: (1) to the extent that Plaintiff's Complaint can be liberally construed as asserting claims against Defendants for monetary damages in their official capacities, those claims should be dismissed with prejudice as barred by the Eleventh Amendment; (2) to the extent that Plaintiff's Complaint can be liberally construed as asserting claims against Defendant Jones based on separate incidents occurring before October 27, 2013 (i.e., [a] the claim arising from the June 26, 2013, "threat" to place a weapon in Plaintiff's cell, [b] the claim arising from the June 27, 2013, denial of a funeral visit, [c] the claim arising from the September 14, 2013, denial of "religious activities" and food, and [d] the claim arising from the October 17, 2013, failure to allow Plaintiff to attend the Law Library job), those claims should be dismissed without prejudice as barred by the governing three-year statute of limitations (but Plaintiff should be permitted to use such alleged incidents to plausibly suggest Defendants' alleged retaliatory motive for their later conduct toward him); (3) the Court should

dismiss with prejudice (a) all claims against Defendant Jones arising from the November 6, 2013, cell move, (b) the First and Fourteenth Amendment claims against Jones arising from the November 21, 2013, search of Plaintiff's cell, (c) the Fourteenth Amendment claim against Jones arising from the November 21, 2013, confiscation of Plaintiff's personal property, (d) the Fourteenth Amendment claim against Jones arising from the November 21, 2013 misbehavior report, and (e) all verbal harassment claims against Jones; (4) the Court should dismiss with prejudice all claims against Defendants McCauley and Winchell; and (5) the Court should deny Defendants' motion to the extent that it seeks to dismiss (a) Plaintiff's First Amendment retaliation claim against Defendant Jones arising from the November 21, 2013, confiscation of Plaintiff's personal property, (b) Plaintiff's First Amendment retaliation claim against Defendant Smith arising from the December 11, 2013, strip frisk of Plaintiff, and (c) Plaintiff's First and Eighth Amendment claims against Defendant Foster arising from the February 8, 2014, pat-frisk of Plaintiff.  (Dkt. No. 22, Parts IV-VI.)

### B.     Plaintiff's Objection to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following six arguments: (1) Plaintiff's retaliation claim against Defendant Jones based on Jones' filing a false misbehavior report against Plaintiff should not be dismissed; (2) Magistrate Judge Baxter erred in recommending the dismissal of Plaintiff's retaliation claim against Defendant McCauley based on Plaintiff's removal from his law library position; (3) Magistrate Judge Baxter erred in recommending the dismissal of Plaintiff's claims against Defendant Winchell; (4) Plaintiff's retaliation claim against Defendant Smith based on Smith's subjecting Plaintiff to a strip-frisk should not be dismissed; (5) Plaintiff's First and Eighth Amendment claims of sexual assault and verbal

harassment should not be dismissed; and (6) to the extent that Plaintiff's Complaint asserts claims against Defendant Jones based on separate incidents occurring before October 27, 2013, Magistrate Judge Baxter erred in recommending the dismissal of Plaintiff's those claims as time-barred because those claims are timely under the doctrine of equitable tolling (in that he did not exhaust his administrative remedies regarding those claims until after October 27, 2013). (Dkt. No. 24.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

instance.² Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

²        *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only the following five brief points.

First, because Plaintiff never opposed Defendants' motion to dismiss (despite of having been advised of the potential consequences of failing to do so),[5] Defendants' burden on that motion was lightened such that, in order to obtain the relief they requested, Defendants needed only show that their request possessed "facial merit," which has appropriately been characterized as a "modest" burden.[6] At the very least, Defendants met this modest threshold burden. For this reason alone, Magistrate Judge Baxter's Report-Recommendation should be, and is, adopted.

Second, to the extent that Plaintiff's objections regard claims that either were not challenged by Defendants in their motion or were not subjected to a recommendation of dismissal by Magistrate Judge Baxter (i.e., the first, fourth and fifth arguments in Plaintiff's Objections), those objections are moot.

Third, to the extent that Plaintiff's objections regard claims that were subjected to a recommendation of dismissal by Magistrate Judge Baxter (i.e., the first, fourth and fifth

---

[5]   (Dkt. No. 19, Attach. 2 [Notice to Pro Se Litigant].)

[6]   *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

arguments in Plaintiff's Objections), those objections present arguments that the Court finds unpersuasive for the reasons stated in Magistrate Judge Baxter's thorough and correct Report-Recommendation. The Court notes that, while verbal harassment–without more–does not constitute adverse action for the purposes of a First Amendment claim, a campaign of harassment may sometimes do so. *Scott v. Coughlin*, 344 F.3d 282, 285, 289 (2d Cir. 2003), accord, *Toliver v. New York City*, 530 F. App'x 90, 92-93 (2d Cir. 2013). However, facts plausibly suggesting such a campaign have not been alleged here.

Fourth, while the sixth argument asserted in Plaintiff's Objections (relying on the case of *Gonzalez v. Hasty*, 651 F.3d 318 [2d Cir. 2011]) may possess some merit, ultimately it is unsuccessful because the Court does not liberally construe Plaintiff's Complaint as alleging facts plausibly suggesting the date of such exhaustion (unlike the complaint in *Gonzalez v. Hasty*, *see Hasty*, 651 F.3d at 320). (*See, e.g.,* Dkt. No. 1, at ¶ 4 [Plf.'s Compl.].) The Court notes that the claims in question (i.e., those based on events occurring before October 27, 2013) are being dismissed only without prejudice; Plaintiff may attempt to amend those claims in an Amended Complaint in accordance with the directives in Magistrate Judge Baxter's Report-Recommendation.

Fifth, although the Court does not at this time see a reason to disagree with Magistrate Judge Baxter's recommendation that Plaintiff should be permitted to use the alleged incidents occurring before October 27, 2013, to plausibly suggest Defendants' alleged retaliatory motive for their later conduct toward him, the Court reserves the right to limit, if not altogether preclude, evidence of such incidents at trial under both the statute of limitations and the Federal Rules of Evidence, including but not limited to Fed. R. Civ. P. 401 and 403.

ACCORDINGLY, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 22) is <u>ACCEPTED</u> and <u>ADOPTED</u> in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 19) is <u>**GRANTED** in part</u> and <u>**DENIED** in part</u>; and it is further

**ORDERED** that portions of Plaintiff's Complaint (Dkt. No. 1) are <u>**DISMISSED** with prejudice</u>, other portions of the Complaint are <u>**DISMISSED** without prejudice</u>, and the remaining portions of Plaintiff's Complaint <u>**SURVIVE**</u> this Decision and Order, as set forth on page 30 through 33 of the Report-Recommendation.

Dated: December 1, 2017
Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge