UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EQUAN YUNUS, a/k/a Damon Vincent,

                       Plaintiff,

v.                                                      9:16-CV-1282
                                                     (GTS/ATB)

DOUGLAS JONES, Corr. Officer, Great Meadow Corr.
Fac.; KEVIN FOSTER, Corr. Officer, Great Meadow
Corr. Fac.; JOSHUA ALGER, Corr. Officer, Great
Meadow Corr. Fac.; TIMOTHY SMITH, Corr. Officer,
Great Meadow Corr. Fac.; GARRIDO, Corr. Officer,
Great Meadow Corr. Fac.; and ROBERT UNDERWOOD,
Corr. Officer, Great Meadow Corr. Fac.,

                       Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

EQUAN YUNUS
  Plaintiff, *Pro Se*
2068 Daly Avenue, Apt. 4-A
Bronx, New York 10460

HON. LETITIA A. JAMES                     MARK G. MITCHELL, ESQ.
Attorney General for the State of New York     Assistant Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Equan

Yunus ("Plaintiff") against the six above-captioned employees of Great Meadow Correctional

Facility in Comstock, New York ("Defendants"), are (1) United States Magistrate Judge Andrew

T. Baxter's Report-Recommendation recommending that Defendants' motion for summary

judgment be granted in part and denied in part, and (2) Defendants' Objections to the Report-Recommendation. (Dkt. Nos. 49, 50.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion for summary judgment is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following three findings of fact and/or conclusions of law: (1) that Defendants' motion be granted with regard to (a) Plaintiff's First Amendment retaliation claim against Defendant Smith arising from an alleged strip frisk on December 11, 2013, and (b) Plaintiff's First Amendment retaliation claim and Eighth Amendment sexual-assault claim against Defendant Foster arising from an alleged pat frisk on February 8, 2014; (2) that Defendants' qualified-immunity defense be found to not bar Plaintiff's claims against Defendants Jones, Alger, Garrido and Underwood, at this stage of the proceeding; and (3) that Defendants' motion be denied with regard to (a) Plaintiff's First Amendment retaliation claim against Defendant Jones arising from Jones' search of Plaintiff's cell and alleged confiscation of Plaintiff's personal property on November 21, 2013, (b) Plaintiff's First Amendment retaliation claim against Defendant Jones arising from Jones' filing of an allegedly false misbehavior report against him on November 22, 2013, (c) Plaintiff's First Amendment retaliation claim and Eighth Amendment sexual-assault claim against Defendant Alger arising from Alger's alleged overly intrusive searches of him on November 20, 2013, and January 17, 2014, and (d) Plaintiff's First Amendment retaliation claim and Eighth Amendment sexual-assault claim against Defendants Garrido and Underwood arising from

Garrido's alleged overly intrusive search of Plaintiff on January 23, 2014. (Dkt. No. 49, at Part IV.)

B.   **Defendants' Objections to the Report-Recommendation**

Generally, in their Objections, Defendants assert the following two arguments: (1) that Magistrate Judge Baxter erred in finding that a genuine dispute of material fact exists regarding whether Defendants Jones, Alger, Garrido and Underwood are protected from liability as a matter of law by the doctrine of qualified immunity, because he erred in finding that the rights that Plaintiff asserts were clearly established at the times of the alleged violations of those rights; and (2) that Magistrate Judge Baxter erred in finding that a genuine dispute of material fact exists regarding whether Defendants Jones, Alger, Garrido and Underwood retaliated against Plaintiff under the First Amendment, because he erred in finding that Plaintiff had adduced admissible record evidence that his protected conduct was a but-for cause of the adverse action taken against him. (Dkt. No. 50, at Points I-II.)

II.  **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

3

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in

---

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following analysis (which is meant to supplement and not supplant the aforementioned reasons).

### A. Protection from Liability by Doctrine of Qualified Immunity

#### 1. Claims Against Defendant Jones

Although Defendants list Defendant Jones among those Defendants to whom Magistrate Judge Baxter erroneously found that qualified immunity does not apply as a matter of law, Defendants fail (in their Objections) to explain why they believe Magistrate Judge Baxter erred in his qualified-immunity finding with regard to Jones. (Dkt. No. 50, at 4-7 [attaching pages "2" through "5" of Defs.' Obj.].) For these reasons, the Court finds that no particular challenge has been levied against this finding of Magistrate Judge Baxter, entitling the finding to a clear-error review, which it survives. The Court would add only that it would reach the same conclusion even if it were to subject the finding to the *de novo* review appropriate for specifically challenged findings.

6

## 2. Claims Against Defendant Alger

Defendants argue that, in his deposition, Plaintiff recanted his prior testimony that, during a pat frisk that occurred on January 17, 2014, Defendant Alger placed his hand inside Plaintiff's rectum. (Dkt. No. 50, at 6 [attaching page "4" of Defs.' Obj.].) However, Defendants neglect to address the fact that (1) Plaintiff's claims against Defendant Alger are also based on an alleged pat frisk on November 20, 2013, and (2) in any event, Plaintiff's recantation regarding the pat frisk on January 17, 2014, involved merely clarifying that Defendant Alger (purportedly) used his finger, not his entire hand, to penetrate his rectum. (Dkt. No. 44, Attach. 2, at 237-38 [Plf.'s Depo. Tr.].)

The record contains admissible record evidence that, on November 20, 2013, and January 17, 2014, Defendant Alger stuck his finger inside Plaintiff's rectum while stating that he was going to "fuck [Plaintiff] in the ass" for having written a prior grievance against a fellow correctional officer. (Dkt. No. 1, at Claim 3, ¶¶ 2, 4 [Plf.'s Verified Compl.]; Dkt. No. 44, Attach. 2, at 225, 228-29, 237-39 [Plf.'s Depo. Tr.].)[5]

As a result, properly construed, the relevant qualified-immunity issue is whether it was clearly established before August 11, 2015 (when the Second Circuit issued *Crawford v. Cuomo*,

---

[5] The Court notes that, in his deposition, Plaintiff testified (somewhat unclearly) that the penetration on November 20, 2013, occurred "through [Plaintiff's] pants" despite the fact that Defendant Alger while wearing a glove. (Dkt. No. 44, Attach. 2, at 225, 228-29 [Plf.'s Depo. Tr.].) Given the totality of Plaintiff's testimony, the Court construes that testimony as being that Defendant Alger stuck his hand inside Plaintiff's pants and underwear before sticking his finger inside Plaintiff's rectum. (*See, e.g., id.* at 238 ["The [first time], he had to stick his hand naturally down in my underwear . . . ."].) In any event, given the testimony regarding the forcefulness and duration of the penetration, the Court's conclusion would remain the same regardless of whether the "pat frisk" occurred outside of Plaintiff's pants (and/or underwear) or inside his underwear.

7

796 F.3d 252 [2d Cir. 2015]), that a prisoner has a constitutional right to not have a correctional officer stick his finger in the prisoner's rectum during a pat frisk (as opposed to during a strip search), during circumstances suggesting the act was sexual and/or retaliatory in nature.

In arguing that the right was not clearly established before August 11, 2015, the Government cites five pre-*Crawford* district court cases. (Dkt. No. 50, at 6-7 [attaching pages "4" and "5" of Defs.' Obj., citing *Wellington*, *Irvis*, *Morrison*, *Davis* and *Montero*].) However, none of these cases involved the digital penetration of a prisoner's rectum during a pat frisk.[6] Granted, the Court has been unable to find any pre-*Crawford* district court cases finding to be actionable an Eighth Amendment claim arising from the digital penetration of a prisoner's rectum during a pat frisk. However, the Court is persuaded by Magistrate Judge Baxter's reliance on *Shepherd v. Fisher*, in which the Southern District of New York observed that, even before *Crawford*, the rule in the Second Circuit was that conduct that involved the unjustified penetration of uncovered genitalia implicated the Constitution. *See Shepherd v. Fisher*, 08-CV-

---

[6] *See Wellington v. Langendorf*, 12-CV-1019, 2013 WL 3753978, at *8 (N.D.N.Y. July 15, 2013) (addressing allegation that, during a pat frisk, a correctional officer "pushed the front of his body into plaintiff's buttocks . . . while whispering a request that plaintiff show him his penis"); *Irvis v. Seally*, 09-CV-0543, 2010 WL 5759149, at *1, 4 (N.D.N.Y. Sept. 2, 2010) (addressing allegations that, during one strip search, a correctional officer had plaintiff "bend at the waist during a strip search, "spread [plaintiff's] butt cheeks and coughed 3 times," and that, during another strip search, a correctional officer "grabbed [plaintiff's naked butt cheek while stroking [the officer's] exposed penis with his other hand") (Baxter, M.J.), *adopted*, 2011 WL 454792 (N.D.N.Y. Feb. 4, 2011) (Sharpe, J.); *Morrison v. Cortright*, 397 F. Supp. 2d 424, 424-425 (W.D.N.Y. 2005) (addressing allegation that, during a strip frisk, a correctional officer "shone a flashlight up [plaintiff's] anus and run his middle finger between plaintiff [sic] buttocks in a wiping fashion causing plaintiff to urinate on his self," and "rubbed up against plaintiff buttocks with his private part during the strip frisk") (internal quotation marks omitted); *Davis v. Castleberry*, 364 F. Supp. 2d 319, 320 (W.D.N.Y. 2005) (addressing allegation that, during a pat frisk, a correctional officer "grabbed [plaintiff's] penis"); *Montero v. Crusie*, 153 F. Supp. 2d 368, 375 (S.D.N.Y. 2001) (addressing allegation that, during pat frisks, a correctional officer "squeezed plaintiff's genitalia").

9297, 2017 WL 666213, at *18 (S.D.N.Y. Feb. 16, 2017) ("[T]he *Crawford* court rejected as too narrow an interpretation of [*Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997)], the position adopted by some district courts, that conduct must reach a high level of severity, such as direct contact with uncovered genitalia, physical injury, or penetration to implicate the Constitution.").

For all of these reasons, the Court rejects Defendants' arguments regarding these claims.

### 3. Claims Against Defendant Garrido

Defendants argue that, during the pat frisk that occurred on January 23, 2014, Defendant Garrido merely put his hand down Plaintiff's pants, by Plaintiff's buttock's area. (Dkt. No. 50, at 6 [attaching page "4" of Defs.' Obj.].) However, Plaintiff has adduced admissible record evidence that, in addition to putting his hand down Plaintiff's pants (by Plaintiff's buttock's area), Defendant Garrido "stuck his [finger] in [Plaintiff's] rectum," after the officer had been told to "make sure [Plaintiff] gets fucked in the ass," and while the officer made references to Plaintiff's prior written complaints. (*See, e.g.,* Dkt. No. 44, Attach. 2, at 249-50, 252, 255 [Plf.'s Depo. Tr.]; Dkt. No. 1, at Claim 3, ¶¶ 6-7 [Plf.'s Verified Compl.]; Dkt. No. 47, at ¶¶ 37-38 [Plf.'s Decl.].)

For the same reasons as stated above in Part III.A.3. of this Decision and Order, the Court finds that, at the time of the aforementioned acts, it was clearly established in the Second Circuit that conduct involving the unjustified penetration of uncovered genitalia implicated the Constitution. For these reasons, the Court rejects Defendants' arguments regarding these claims.

### 4. Claims Against Defendant Underwood

To the extent that Defendants argue that Defendant Underwood is protected by qualified immunity as a matter of law because on Defendant Garrido is protected by qualified immunity as

9

a matter of law (Dkt. No. 50, at 7 [attaching page "5" of Defs.' Obj.]), the Court rejects that argument, because the Court has found that, based on the current record, Defendant Garrido is not in fact protected by qualified immunity as a matter of law, based on the current record. *See, supra,* Part III.A.3. of this Decision and Order.

### B.     Establishment of First Amendment Retaliation Claims

#### 1.     Claims Against Defendant Jones

With regard to Plaintiff's retaliation claim against Defendant Jones arising from the misbehavior report of November 22, 2013, Defendants argue that a rational finding that a retaliatory motive was a "but-for cause" of Defendant Jones' misbehavior report is precluded by Plaintiff's Tier II hearing determination, which was rendered against him. (Dkt. No. 50, at 10 [attaching page "8" of Defs.' Obj.].) In support of this argument, Defendants cite *Lowrance v. Achtyl*, 20 F.3d 529 (2d Cir. 1994). (Dkt. No. 50, at 10 [attaching page "8" of Defs.' Obj.].) However, *Lowrance* is distinguishable from the current case in that in *Lowrance* the plaintiff "had admitted to the conduct that formed the basis of the misbehavior report." *Lowrance v. Achtyl*, 20 F.3d 529, 534-35 (2d Cir. 1994). Numerous more-analogous cases recognize that a prisoner's lack of vindication on appeal is (like his successful vindication on appeal)[7] merely a

---

[7]     As recognized by Magistrate Judge Baxter (Dkt. No. 49, at 5), a number of factors may be considered in determining the existence of a causal connection between a prisoner's protected activity and a prison official's adverse action, including the following: (1) the temporal proximity between the protected activity and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant concerning his motivation. *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996); *Baskerville v. Blot*, 224 F. Supp.2d 723, 732 (S.D.N.Y. 2002). Numerous cases underscore the fact that a vindication at a disciplinary hearing is not dispositive but is merely one factor to be considered. *See, e.g., Waters v. Melendez*, 15-CV-0805, 2018 WL 3079764, at *11 (N.D.N.Y. May 18, 2018) (finding an issue of fact as to causation, "even disregarding [the plaintiff's] disciplinary hearing vindication," where the other factors as to causation weighed in

factor to be considered when determining whether a causal connection exists between the protected speech and adverse action.[8]

With regard to Plaintiff's retaliation claim against Defendant Jones arising from the cell search of November 21, 2013, Defendants argue that a rational finding that a retaliatory motive was a "but-for cause" of Defendant Jones' misbehavior report is precluded by (1) the point of law that cell searches and pat frisks are an ordinary part of prison life and cannot deter the average inmate from continuing to exercise his First Amendment rights, and (2) the fact that the cell search was a random one that was "directed" by Defendant Jones' supervisor. (Dkt. No. 50, at

---

the plaintiff's favor); *Baskerville v. Blot*, 224 F. Supp.2d 723, 733 (S.D.N.Y. 2002) (explaining that "the administrative dismissal of the misbehavior report and the determination that the restraint order was unwarranted are facts that weigh in plaintiff's favor," and then considering other factors).

[8]     *See, e.g., Stone v. White*, 15-CV-0097, 2016 WL 1298725, at *10 (N.D.N.Y. Mar. 31, 2016) (Kahn, J.) (finding a genuine dispute of material fact had been raised as to causation even though "Stone was not vindicated at his disciplinary hearing"); *Moore v. Peters,* 92 F. Supp.3d 109, at 121 (W.D.N.Y. 2015) ("Defendants argue that the third . . . causation factor[] weigh[s] in their favor because Plaintiff was not vindicated at a subsequent hearing . . . . Despite the fact that . . . the [third] causation factor[] may weigh against Plaintiff, he has adequately alleged his retaliation claims at this early stage of the litigation."); *Self v. LaValley*, 10-CV-1463, 2012 WL 7810950, at *7 (N.D.N.Y. Dec. 27, 2012) (Dancks, M.J.) (finding a genuine dispute of material fact had been raised as to causation even though "Plaintiff admits that he was not vindicated at the disciplinary hearing"), *adopted by* 2013 WL 1294448 (N.D.N.Y. Mar. 27, 2013) (Suddaby, J.); *Mateo v. Gundrum*, 10-CV-1103, 2011 WL 5325790, at *7 (N.D.N.Y. Aug. 30, 2011) (Lowe, M.J.) (finding a genuine dispute of material fact had been raised as to causation even though "Plaintiff was not vindicated at the disciplinary hearing"), *adopted by* 2011 WL 5325794 (N.D.N.Y. Nov. 3, 2011) (Sharpe, J.); *Jeffrey v. Ahmed*, 09-CV-0327, 2011 WL 4390220, at *12-13 (N.D.N.Y. Aug. 22, 2011) (Lowe, M.J.) (finding a genuine dispute of material fact had been raised as to causation even though "Plaintiff was not vindicated at the disciplinary hearing"), *adopted by* 2011 WL 4383756 (N.D.N.Y. Sept. 30, 2011) (Mordue, C.J.); *cf. King v. McIntyre*, 11-CV-1457, 2015 WL 1781256, at *23 (N.D.N.Y. Apr. 8, 2015) (Hurd, J.) (finding that plaintiff was not vindicated at his disciplinary hearing, but continuing to weigh the other factors before finding that no genuine dispute of material of fact existed regarding causation because the plaintiff had admitted to the charged misconduct at the disciplinary hearing).

10 [attaching page "8" of Defs.' Obj.].) Defendants' argument ignores the fact that the adverse action asserted by Plaintiff is not merely the cell search but the purported wrongful confiscation of his personal property in his cell. (Dkt. No. 49, at 2.) Defendants' argument also equivocates by using the word "directed": the declaration and contraband receipt cited by Defendants states merely that the search was "approved" by Deputy Superintendent for Security Quinn (Dkt. No. 44, Attach. 10, at 2, 5); and the interdepartmental communication cited by Defendants states merely that, at most, that the search was "approved" by Quinn in the sense that all random searches were so approved by Quinn. (Dkt. No. 44, Attach. 10, at 7.) Based on the admissible record evidence before the Court, a rational finding could be rendered that, despite having been generally authorized by Deputy Superintendent for Security Quinn to conduct random searches, Defendant Jones in this instance conducted a non-random search, and wrongfully confiscated Plaintiff's personal property, for a retaliatory reason.

For all of these reasons, the Court rejects Defendants' arguments regarding these claims.

### 2. Claims Against Alger, Garrido and Underwood

Defendants argue that a rational finding that a retaliatory motive was a "but-for cause" of any of the pat frisks conducted by Alger and Garrido (and supervised by Underwood) is precluded by the fact that none of the pat frisks were preceded by Plaintiff's filing of a grievance against any of the frisking officers. (Dkt. No. 50, at 11 [attaching page "9" of Defs.' Obj.].) Defendants ignore the fact that, while it may of course be relevant that Plaintiff filed a prior grievance against the correctional officer taking adverse action, it is not necessary that Plaintiff filed a prior grievance against the correctional officer taking adverse action (as opposed to against a fellow correctional officer). The cases cited by Defendants recognizes this common-

sense fact, which is consistent with the multi-factored legal standard set forth above in note 7 of this Decision and Order. *See McFadden v. Friedman*, 12-CV-0685, 2015 WL 5603433, at *16 (N.D.N.Y. Sept. 23, 2015) (Suddaby, J.) ("Grievances filed against officers other than the disciplining officer, *in most circumstances*, do not establish the requisite causal connection between the protected conduct and the alleged adverse action.") (emphasis added); *Hare v. Hayden*, 09-CV-3135, 2011 WL 1453789, at *4 (S.D.N.Y. Apr. 14, 2011) ("As a *general* matter, it is *difficult* to establish one defendant's retaliation for complaints against another defendant.") (emphasis added). For all of these reasons, the Court rejects Defendants' arguments regarding these claims.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 49) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 44) is **GRANTED in part** such that all claims against Defendants Smith and Foster are **DISMISSED** from this action; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 44) is **DENIED in part** such that the following claims against Defendants Jones, Alger, Garrido and Underwood **SURVIVE** Defendants' motion:

> (1) Plaintiff's First Amendment retaliation claim against Defendant Jones arising from Jones' alleged confiscation of Plaintiff's personal property on November 21, 2013;
>
> (2) Plaintiff's First Amendment retaliation claim against Defendant Jones arising

13

from Jones' allegedly false misbehavior report filed against Plaintiff on November 22, 2013;

(3) Plaintiff's First Amendment retaliation claim against Defendant Alger arising from Alger's alleged overly intrusive searches of Plaintiff on November 20, 2013, and January 17, 2014;

(4) Plaintiff's First Amendment retaliation claim against Defendants Garrido and Underwood arising from Garrido's alleged overly intrusive search of Plaintiff (and Underwood's alleged failure to intervene in that search) on January 23, 2014;

(5) Plaintiff's Eighth Amendment sexual-assault claim against Defendant Alger arising from Alger's alleged overly intrusive searches of Plaintiff on November 20, 2013, and January 17, 2014; and

(6) Plaintiff's Eighth Amendment sexual-assault claim against Defendants Garrido and Underwood arising from Garrido's alleged overly intrusive search of Plaintiff (and Underwood's alleged failure to intervene in that search) on January 23, 2014.

Dated: August 26, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge