UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EQUAN YUNUS

Plaintiff,

v.

9:16-CV-1282
(GTS/ATB)

DOUGLAS JONES, Corr. Officer, Great Meadow Corr. Fac.;
JOSHUA ALGER, Corr. Officer, Great Meadow Corr. Fac.;
GARRIDO, Corr. Officer, Great Meadow Corr. Fac.; and
ROBERT UNDERWOOD, Corr. Officer, Great Meadow Corr. Fac.

Defendants.

---

APPEARANCES: OF COUNSEL:

EQUAN YUNUS
Plaintiff, *Pro Se*
2068 Daly Avenue, Apt 4-A
Bronx, NY 10460

HON. LETITIA A. JAMES
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

MARK G. MITCHELL, ESQ.
JORGE A. RODRIGUEZ, ESQ.
Assistants Attorney General

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Equan Yunus ("Plaintiff") against the four above-captioned New York State correctional employees ("Defendants"), is Defendants' post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court. (Dkt. No. 96.) For the reasons set forth below, Defendants' request is granted in part and denied in part.

## I. RELEVANT BACKGROUND

Generally, in their timely request, Defendants argue that, before prevailing pursuant to a jury verdict on February 20, 2020, they incurred recoverable costs in the total amount of two thousand two hundred ninety-six dollars and eighty cents ($2,296.80), calculated as follows: (1) one thousand two hundred eighteen dollars and seventy-five cents ($1,218.75) for the transcript of Plaintiff's deposition on October 11, 2018; (2) one thousand thirty-six dollars and thirty cents ($1,036.30) in fees for four witnesses' attendance at the trial held on February 18, 2020, February 19, 2020, and February 20, 2020; and (3) forty-one dollars and seventy-five cents ($41.75) for copies of papers (specifically, a copy of Defendants' 167-page initial disclosures provided pursuant to Fed. R. Civ. P. 26, at a rate of twenty-five cents per page). (Dkt. No. 97.)

Generally, liberally construed, Plaintiff's response asserts four arguments: (1) Defendants' request for witness fees related to mileage is invalid because Defendants "have not stated whether they had permission to use private vehicles, whether a government vehicle was available, or whether the route of transport was the most economical means of transport available"; (2) Defendants' request for witness fees related to subsistence (e.g., a hotel room) for non-party witness Stephen Weeks is invalid because Defendants gave no explanation for "why [s]ubsistence was needed"; (3) Defendants' request for fees related to the transcript of Plaintiff's deposition taken on October 11, 2018, is invalid because they did not state in their request certain information pertaining to who testified at trial; and (4) Defendants' request for fees related to copies of their initial disclosures is invalid because Defendants did not specify in their request information about the documents that were copied. (Dkt. No. 98.)

## II. GOVERNING LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs a prevailing party may recover include fees for transcripts necessarily obtained for use in the case, fees for copies necessarily obtained for use in the case, and fees for witnesses. 28 U.S.C. § 1920. Witnesses employed by the federal government who officially travel by privately owned vehicle to testify at trial are entitled to a travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to Section 5704 of Title 5. 28 U.S.C. § 1821(c)(2).

When a bill of costs is challenged, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (internal quotation marks omitted). In exercising this discretion, however, it must be recognized that a cost "award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. Thus, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id*. "[W]hen a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Id*.

## III. ANALYSIS

After carefully considering the matter, the Court finds that Defendants are entitled to costs for the reasons stated in their request. *See, supra,* Part I of this Decision and Order. However, Defendants' award for mileage fees related to the witnesses' travel to Syracuse for

trial should be, and is, reduced from .575 cents per mile to .17 cents per mile.

**A. Witness Fees: Mileage**

An employee of the Government is entitled to "a rate per mile established by the Administrator of General Services, instead of the actual expenses of transportation, for the use of a privately owned automobile when that mode of transportation is authorized or approved as more advantageous to the Government." 5 U.S.C. § 5704(a)(1). Here, from the rate requested by Defendants (i.e., .575 cents per mile), it is apparent that they used their private vehicles instead of Government vehicles (for which are entitled to reimbursement at a rate of only .17 cents per mile). 28 U.S.C. § 1821(c)(2); http://www.gsa.gov/mileage [last visited June 1, 2020]. However, Defendants do not, in their Bill of Cost, show that this mode of transportation was either authorized or approved as more advantageous to the Government. (Dkt. No. 96.) Although Plaintiff argues that this fact means that Defendants should recover no costs associated with this travel, a more reasonable construction of the relevant statutes (and regulations) is that Defendants should recover costs at a rate of .17 cents per mile (for when use of a Government-furnished automobile is available) instead of a rate of .575 cents per mile (for when use of a privately owned automobile is authorized or if no Government-furnished automobile is available).

Plaintiff's argument that Defendants did not take the most economical route available from Albany to Syracuse lacks merit because there is no evidence of this fact. Defendants have provided a Google Maps printout containing the directions from Albany to Syracuse by car and the distance in miles between the two cities. Under the circumstances, this evidence is sufficient to warrant the imposition of costs. (Dkt. No. 96.) *See, e.g., Dervishi v. Stamford Bd. of Educ.*, 11-CV-1018, 2018 WL 8967297, at *15 (D. Conn. Apr. 19, 2018) (awarding mileage fees after

Plaintiff submitted a mileage claim of 19.8 and 20 miles, as measured by Google Maps).

Finally, Plaintiff's argument that Defendants were required to use a Common Carrier to get to court also lacks merit: they were not required to do so. Rather, use of a Common Carrier was simply an option under the circumstances (and Plaintiff has not persuaded the Court that it was a cheaper option). 28 U.S.C. § 1821(c)(1),(2).

For all of these reasons, Defendants award for mileage fees is reduced from .575 cents per mile to .17 cents per mile.

**B. Witness Fees: Subsistence**

A witness is entitled to a subsistence allowance "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). The Northern District of New York's Guidelines for Bills of Costs ("the Guidelines") state that the request should include the name of the witness, an explanation of why the overnight stay was required, receipts for relevant expenses, and the applicable per diem rate. (NDNY Guidelines at F.1.c.) Here, Defendants explained in their supporting exhibit that "[i]t was necessary for Mr. Weeks to stay overnight in Syracuse in order to be available to testify on the morning of February 19, 2020," and Defendants provided an invoice from the hotel. (Dkt. No. 96.) As stated above in Part II of this Decision and Order, Plaintiff argues that Defendants' explanation for why non-party witness Stephen Weeks needed to stay overnight and park his car in Syracuse is inadequate. However, from the docket sheet, it is clear that, on the day on which Mr. Weeks was to be available to testify (February 19, 2020), proceedings began at 9:03 AM; and, from the Google Maps printout,

it is clear that the trip from Fort Edward, New York, to Syracuse, New York, takes approximately two hours and 48 minutes. (*Id.*)

For all of these reasons, Defendants' stated reason for the overnight stay is sufficient to warrant the imposition of this cost on Plaintiff in the amount requested by Defendants.

**C. Fees for Deposition Transcript**

A judge may tax as a cost the fees for a deposition transcript "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). As stated above in Part II of this Decision and Order, Plaintiff argues that Defendants are not entitled to this cost because Defendants did not state "[t[he [n]ame(s) of the persons who testified at trial" or "the dates the person testified at trial," as required by the Guidelines. (Dkt. No. 96.) (*See also* NDNY Guidelines at D.1.d.) However, none of that information is required to recover the costs of a transcript of a deposition of a party to a case, according to the Guidelines. (NDNY Guidelines at D.1.c.) In this case, it was Plaintiff's own deposition that was taken. (Dkt. No. 96.) Furthermore, because Plaintiff testified at trial, the deposition transcript was necessary in order to cross-examine him (or to be prepared to do so). *See Document Sec. Sys. v. Coupons.com, Inc.*, 11-CV-6528, 2015 WL 1189551, at *9 (W.D.N.Y. March 16, 2015) (rejecting plaintiff's objection that deposition transcript costs, charged by the reporting services, were unnecessary).

For all of these reasons, Defendants are entitled to the cost of Plaintiff's deposition transcript in the amount they request.

**D. Fees for Copies of Defendants' Mandatory Disclosures**

A prevailing party may recover fees for copies necessarily obtained for use in the case. 28 U.S.C. § 1920(4). According to the Guidelines, for discovery-related copy costs, an explanation of why the copies were necessarily obtained for use in the case is all that is required

in the request for costs. (NDNY Guidelines at H.1.g.) Plaintiff argues that Defendants' explanation as to why Plaintiff should be taxed this cost is insufficient; he is mistaken. Here, in their Bill of Costs, Defendants stated that they previously provided the discovery documents to Plaintiff as part of their mandatory disclosures. (Dkt. No. 96.) *See, e.g., Pixion Inc. v. PlaceWare Inc*., 03-C-02909, 2005 WL 3955889, at *8 (N.D. Cal. May 26, 2005) (rejecting plaintiff's objection to defendant's request for costs pertaining to Rule 26 disclosures). As a result, Defendants necessarily copied 167 pages at a rate of $0.25 per page in order to provide Plaintiff with his mandatory disclosures. (Dkt. No. 96.)

For all of these reasons, Defendants' explanation as to why Plaintiff should be taxed this cost is sufficient to warrant the imposition of this cost on Plaintiff in the amount requested by Defendants.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court (Dkt. No. 96) is **GRANTED in part and DENIED in part**, such that costs are awarded to Defendants from Plaintiff in the amount of **ONE THOUSAND SEVEN HUNDRED SIXTY DOLLARS AND FIFTY-EIGHT CENTS ($1,760.58),** consisting of the following:

(1) one thousand two hundred eighteen dollars and seventy-five cents ($1,218.75) for Plaintiff's deposition on October 11, 2018;

(2) five hundred dollars and eight cents ($500.08) in fees for witnesses' attendance at the trial held on February 18, 2020, February 19, 2020, and February 20, 2020; and

(3) forty-one dollars and seventy-five cents ($41.75) for copies of papers (specifically, a copy of Defendants' 167-page initial disclosures provided pursuant to Fed. R. Civ. P. 26, at a rate of twenty-five cents per page).

Dated: June 5, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge